### SAVARYN v. CITY OF NEW YORK.

(Supreme Court, Appellate Term, First Department. December 30, 1913.)

MUNICIPAL CORPORATIONS (§ 805*)—INJURIES TO PERSONS ON STREETS—ACTIONS—CONTRIBUTORY NEGLIGENCE.

    Where a driver of a vehicle, who was in a dangerous position after seeing a hole in the street in front of him, turned his head to find the source of a noise behind him, he is guilty of contributory negligence precluding a recovery for injuries sustained by reason of a fall occasioned by driving his vehicle into the hole.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1677, 1683; Dec. Dig. § 805.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Stanislaus Savaryn against the City of New York. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Archibald R. Watson, of New York City (Terence Farley and Clarence L. Barber, both of New York City, of counsel), for appellant.

Gay & Goddard, of New York City, for respondent.

BIJUR, J. This action is brought to recover damages for personal injuries. Plaintiff testified: That while driving a two-wheeled cart north on Amsterdam avenue near One Hundredth street, and while the head of his horse was about ten feet from a hole in the pavement, he heard "some noise." "I thought some kind of a car or automobile was driving." That he then looked around, and shortly thereafter his wheel went into this hole, and he was thrown to the ground and run over. It was a clear, sunshiny day in the fall. The evidence indicates

that the hole was about 6 feet long by 3 feet wide and from 2½ to 3½ inches deep in the middle, being saucer shaped. The hole had been in existence apparently about 30 days. The evidence is that originally it was adequately filled in, awaiting pavement—how long it had existed in its precise shape at the time of the accident was not shown at all.

Apart from the grave question whether, under the circumstances, there was any proof whatever of negligence on the part of the city, the testimony as to the plaintiff's contributory negligence is overwhelming. He says that he saw the hole; he turned his head without any necessity appearing; and even then there is no explanation of his reason for driving into the hole. All this is emphasized by the fact that his position, as he says, of sitting on a plank on the top of the cart, or, as his witness says, of standing on the cart, was an exceedingly dangerous one.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.